## IN RE: ALTERNATIVE DETENTION SERVICES, INC.

### Administrative Order No. 6.173B-5/90

Fifteenth Judicial Circuit, Palm Beach County

May 2, 1990

**OPINION OF THE COURT**

DANIEL T. K. HURLEY, Chief Judge.

*ADMINISTRATIVE ORDER*

*ON PRIVATE FELONY PROBATION IN PALM BEACH COUNTY*

THIS CAUSE came before the Court, acting in its administrative capacity under rule 2.050(b), Fla.R.Jud.Admin., and pursuant to the Court's inherent power to insure the integrity of its process and to supervise the administration of justice within the circuit. Inasmuch as complaints had been received from representatives of the Florida Department of Corrections alleging that felony probationers were being placed under the supervision of unqualified privately-employed probation officers, the Court conducted an administrative evidentiary hearing. From the testimony and evidence presented, the Court makes the following

## FINDINGS OF FACT

1. Alternative Detention Services, Inc., (ADS), a Florida corporation, was formed in 1988 to provide probation supervisory services in Palm Beach County, Florida. The officers of the corporation are Virginia Rothbart, president, Jordan Rothbart, vice president, and Glen Rothbart, secretary/treasurer.

2. Initially, the company limited itself to supervising misdemeanants placed on probation by the county court. Eventually, however, it broadened its scope to include felony pre-trial release programs and, eventually, direct supervision of felony probationers. As of March 7th, 1990, ADS had the following caseload.

| | |
|---|---|
| Felony probation cases: | 257 |
| Misdemeanor & traffic cases: | 878 |
| Pre-Trial Intervention: | |
|     Felonies - | 80 |
|     Misdemeanors - | 34 |
| Worthless check cases: | 88 |
| In-House arrest: | 74 |
| Supervised O.R.: | 21 |
| Outstanding VOP warrants: | 121 |
| VOP hearings: | 80 |
| | 1,633 |

3. ADS charges $30 per month to supervise a felony probationer, $9 per day to supervise a person committed to in-house arrest, and $15 per week to supervise a person placed in the felony or misdemeanor pre-trial intervention program or the supervised O.R. program.

4. ADS felony probation supervisors do not maintain individual caseloads and do not provide supervision outside of the ADS office. Rather, ADS utilizes an "on-duty" format which allows the supervisor to meet with any probationer who reports to the ADS office.

5. ADS secured its felony probationers as a result of direct overtures to individual judges assigned to the criminal felony division of the Circuit Court in the Fifteenth Judicial Circuit. ADS has not contracted with the Florida Department of Corrections or any other state agency to supervise felony probationers.

6. None of the ADS felony probation supervisors meets the minimum qualifications set forth in section 943.13, Florida Statutes (1989), and none of the ADS felony probation supervisors is certified by the

Criminal Justice Standards and Training Commission pursuant to section 943.1395, Florida Statutes (1989).

7. The following ADS employees supervise felony probationers: Virginia Rothbart, Joseph Varju, III, Jennie Howe Peters, David Tripp, Wayne Foy Nelson and Carol Aiello.

8. With reference to the qualifications for a felony probation supervisor set forth in section 943.13, Florida Statutes (1989), Virginia Rothbart is over 19 years of age, is a citizen of the United States, is a high school graduates, has not been convicted of a felony or a misdemeanor involving perjury or a false statement, has her fingerprints on file with the sheriff's office, has not passed a physical examination by a licensed physician based on specifications established by the Criminal Justice Standards and Training Commission, has not been found to have a good moral character as determined by a background investigation under procedures established by the Criminal Justice Standards and Training Commission, has not completed an affidavit-of-applicant form as required by section 943.13(8), Florida Statutes (1989), has not completed a course of basic recruit training established by the Criminal Justice Standards and Training Commission, has not taken and passed the examination required by section 943.13(10), Florida Statutes (1989), and has not complied with the continuing training or education requirements of section 943.135, Florida Statutes (1989).

9. Joseph Varju, III, was employed by the Florida Department of Corrections from 1984 until 1989 when he left to join ADS. Again, referring to the statutory qualifications for a felony probation supervisor, Joseph Varju is over 19 years of age, is a citizen of the United States, is a college graduate, has not been convicted of a felony or a misdemeanor involving perjury or a false statement, has his fingerprints on file with the Department of Corrections, passed a physical examination in July of 1984, did undergo a background investigation while employed by the Department of Corrections but did not undergo a second background investigation after accepting employment with ADS, has not completed an affidavit-of-applicant form as required by section 943.13(8), Florida Statutes (1989), did complete a course of basic recruit training while employed by the Department of Corrections, and has not complied with the continuing education or education requirements of section 943.135, Florida Statutes (1989).

10. Jennie Howe Peters worked for the Florida Department of Corrections as a probation officer from July 7, 1983, until November 17, 1988. She began her employment with ADS on January 26, 1989.

104

Referring to the statutory qualifications for a felony probation officer, Jennie Howe Peters is over 19 years of age, is a citizen of the United States, is a high school graduates, has not been convicted of a felony or a misdemeanor involving perjury or a false statement, has her finger-prints on file with the Department of Corrections, passed a physical examination in 1983 but did not undergo a second examination prior to accepting employment with ADS, underwent a background investigation in 1983 but did not undergo an updated investigation prior to accepting employment with ADS, has not completed an affidavit-of-applicant form as required by section 943.13(8), Florida Statutes (1989), completed a basic recruit training course during her employment with the Department of Corrections, took continuing education courses while employed by the Department of Corrections but has done nothing further while employed by ADS.

11. David Tripp began working for the Florida Probation and Parole Commission in 1972. He terminated his state employment in September of 1989 and began working for ADS two weeks later. Referring to the statutory qualifications for a felony probation officer, David Tripp is over 19 years of age, is a citizen of the United States, is a college graduate, has not been convicted of a felony or a misdemeanor involving perjury or a false statement, has his fingerprints on file with the Department of Corrections, passed a physical examination in 1972 and again in 1989, underwent a background investigation in 1972 and again in 1989, underwent a background investigation when he was first hired by the state but did not undergo an updated background investigation when hired by ADS, has not completed an affidavit-of-applicant form as required by section 943.13(8), Florida Statutes (1989), completed a basic recruit training course when first hired by the state and augmented this with continuing education every year thereafter, has not had any formal training while employed by ADS.

12. Wayne Foy Nelson started working for ADS on September 9, 1989. Referring to the statutory qualifications for felony probation officers, Wayne Foy Nelson is over 19 years of age, is a citizen of the United States, is a high school graduate, has not been convicted of a felony or a misdemeanor involving perjury or a false statement, does not have his processed fingerprints on file with the Department of Corrections or other approved agency, has not passed a physical examination by a licensed physician based on specifications established by the Criminal Justice Standards and Training Commission, has not been found to have a good moral character as determined by a background investigation under procedures established by the Criminal Justice Standards and Training Commission, has not completed an

affidavit-of-applicant form as required by section 943.13(8), Florida Statutes (1989), has not completed a course of basic recruit training established by the Criminal Justice Standards and Training Commission, has not taken and passed the examination required by section 943.13(10), Florida Statutes (1989), and has not complied with the continuing training or education requirements of section 943.135, Florida Statutes (1989).

13. Carol Aiello worked for a private company in Massachusetts which had a contract with the Mass. Department of Youth Services. Then she spent three years working for Pride, Inc., a nonprofit corporation which supervises misdemeanor probationers in Palm Beach County. Finally, Ms. Aiello worked for over a year with Palm Beach County's misdemeanor probation program. Referring to the statutory qualifications for felony probation supervisors, Ms. Aiello is over 19 years of age, is a citizen of the United States, has a Bachelor or Arts in social work plus eighteen hours toward her master's degree, has not been convicted of a felony or a misdemeanor involving perjury or a false statement, has her fingerprints on file with a local agency, has not passed a physical examination by a licensed physician based on specifications established by the Criminal Justice Standards and Training Commission, has not been found to have a good moral character as determined by a background investigation under procedures established by the Criminal Justice Standards and Training Commission, has not completed an affidavit-of-applicant form as required by section 943.13(8), Florida Statutes (1989), has not completed a course of basic recruit training established by the Criminal Justice Standards and Training Commission, has not taken and passed the examination required by section 943.13(10), Florida Statutes (1989), and has not complied with the continuing training or education requirements of section 943.135, Florida Statutes (1989).

Based on the foregoing, the Court reaches the following

### CONCLUSIONS OF LAW

At the present time, Florida law permits private entities to provide probation supervision. For example, section 948.01(9), Florida Statutes (1989), states, "In no case shall the imposition of sentence be suspended and the defendant thereupon placed on probation or into community control unless such defendant is placed under the custody of the department, the Salvation Army, or other public or private entity." Section 948.01(10), Florida Statutes (1989), contains a similar provision. Thus, the issue is not whether there should be a privitization of probation but, rather, what standards should be applied to privately-employed felony probation supervisors.

106

Again, Florida law is explicit. Section 948.01(1), Florida Statutes (1989), states in pertinent part, "If the court places the defendant on probation or into community control for a felony, immediate supervision shall be provided by an officer employed in compliance with the minimum qualifications for officers as provided in s. 943.13."

The foregoing provision was added to section 948.01(1) by the 1989 session of the Florida Legislature. The amendment took effect October 1, 1989. Thus, as of October 1, 1989, all felony probation supervisors — including those employed by private entities — were required to meet the minimum qualifications set forth in section 943.13, Florida Statutes (1989).

Section 943.13, Florida Statutes (1989), represents Florida's commitment to upgrade and professionalize law enforcement. It establishes eleven minimum qualifications that must be met by certain officers. When the law was first enacted in 1974, it applied only to police officers. Then in 1981, the Legislature expanded the law's reach to include correctional officers, people charged with the control of inmates within the state's prisons. The law was expanded again in 1986 when its minimum qualifications were made applicable to correctional probation officers (state-employed probation officers).

Section 943.13, Florida Statutes (1989), establishes the following minimum qualifications. Officers law must (1) be at least 19 years of age, (2) be a citizen of the United States, (3) be a high school graduate or its "equivalent" as that term may be determined by the Criminal Justice Standards and Training Commission, (4) not have been convicted of any felony or of a misdemeanor involving perjury or a false statement, or of a misdemeanor involving perjury or a false statement, or have received a dishonorable discharge from any of the Armed Forces of the United States, (5) have his processed fingerprints on file with the employment agency or, if a private correctional officer, have his fingerprints on file with the Department of Corrections, (6) have passed a physical examination by a licensed physician based on specifications established by the Criminal Justice Standards and Training Commission, (7) have a good moral character as determined by a background investigation under procedures established by the Criminal Justice Standards and Training Commission, (8) execute and submit to the employing agency or, if a private correctional officer, submit to the appropriate governmental entity an affidavit-of-applicant form, adopted by the Criminal Justice Standards and Training Commission, attesting to his compliance with subsections (1)-(7), (9) complete a course of basic recruit training established by the Criminal Justice Standards and

Training Commission in accordance with s. 943.17(1) or be exempt under s. 943.131(2) or subsection (10) of this section, (10) be authorized to satisfy the requirements of subsection (9) by taking and passing an examination established pursuant to s. 943.17(1)(e) upon the recommendation of the employing agency, or, in the case of a private correctional officer, upon recommendation of the appropriate governmental entity, and when he is in compliance with subsections (1)-(8), and (11) comply with the continuing training or education requirements of s.943.135.

Section 943.13 does not stand alone. It is an integral part of a comprehensive plan to strengthen and upgrade law enforcement in Florida. The driving force in this effort is the Criminal Justice Standards and Training Commission. *See* sections 943.11-12, Florida Statutes (1989). This body is charged with the responsibility of certifying those individuals who satisfy the qualifications set forth in section 943.13. *See* sections 943.12(3) and 943.1395(1), Florida Statutes (1989). By the same token, the commission is empowered to revoke an officer's certification under certain circumstances. *See* section 943.1395(5), Florida Statutes (1989).

ADS makes two arguments about certification. First, it contends that its employees need not be certified because section 948.01(1) speaks only in terms of complying with the minimum qualifications contained in section 943.13. It does not state that felony probation supervisors must be "certified" pursuant to section 943.13. Alternatively, ADS argues that it should be excused from the certification requirement because the Criminal Justice Standards and Training Commission refuses to certify private felony probation supervisors.

Obviously, the Legislature had a particular purpose in mind when it enacted the 1989 amendment to section 948.01(1). State-employed felony probation officers already were subject to the minimum qualifications of section 943.13. Indeed, they had been since 1986. *See* Chapter 86-183, Laws of Florida. Thus the 1989 amendment must be seen as a calculated effort to insure that private felony probation officers satisfied the same criteria as then existed for their public-sector counterparts. In chapter 943's comprehensive plan, the Criminal Justice Standards and Training Commission is given the dual role of trainer and watchdog. It sets education criteria and then, by certifying and decertifying officers, the commission provides an accurate listing of those individuals who are legally qualified to act as felony probation supervisors. There is no reason to assume that the Legislature intended to exempt privately-employed felony probation supervisors from the certification requirement. Such an exemption would seriously undermine the Legislature's

108

consistent effort to upgrade and strengthen the qualify of probation supervision. Moreover, certification is the only reliable indicia of competency. It would not be practical to require judges to conduct evidentiary hearings or make separate inquiries each time they placed a felony probationer under a particular officer's supervision. Accordingly, I conclude that certification by the Criminal Justice Standards and Training Commission is an essential requirement for a felony probation supervisor and this applies with equal force to the public and private sectors.

At this juncture it is important to note that the Criminal Justice Standards and Training Commission is not a party to this action and, thus, is not subject to the court's jurisdiction. In other words, the court is incapable of ordering the Commission to take any action with respect to ADS' employees. Moreover, the court is aware of the Commission's view that it is not authorized to certify privately-employed felony probation supervisors. Nonetheless, the ADS employees should not be excused from their obligation to seek certification by the commission even if that action may ultimately require resort to the courts. ADS can put forth no equitable argument to exempt it from the law. It did not file an application with the commission nor did it pursue its legal remedies. Rather, ADS simply set up shop in Palm Beach County. It relied upon its reputation developed while supervising misdemeanor probationers and sought referrals from the felony courts. Thus it has no property interest or vested right to continue accepting felony probationers.

Whether private probation offers real benefits is for the Legislature's evaluation and determination. What should be obvious, however, is that the existing regulatory scheme is grossly inadequate. Today's rules govern only employees. No rules regulate private probation companies. Who can serve as officers? Are they subject to background investigations? What audit or fiscal oversight should exist? Bear in mind that the present controversy arose because ADS announced its intention to handle "restitution cases," cases in which felony probationers make restitution payments through probation supervisor to crime victims. Last year in Palm Beach County over a million dollars was collected in this manner. If private entities are to be permitted a role in this process, the Legislature must provide effective regulation.

## DECRETAL PROVISIONS

Accordingly, it is Ordered and Adjudged as follows:

1. Effective immediately, no person shall be placed on felony probation by a judge in the Fifteenth Judicial Circuit unless the probation

supervisor is certified by the Criminal Justice Standards and Training Commission as being in compliance with section 943.13, Florida Statutes (1989).

2. On or before May 9th, 1990, at 5:00 p.m., Alternative Detention Services, Inc., shall file a report listing every felony probationer who is presently under ADS supervision. The report shall list the probationer's name and address, the case style and number, and the name of the assigning judge. The original copy of the report shall be filed with the clerk of court and copies shall be provided to the administrative judge of the criminal division of the circuit court and to each judge listed in the report.

3. Upon receipt of the ADS report, each judge shall transfer supervision of probation from ADS to a probation supervisor who has been certified by the Criminal Justice Standards and Training Commission.

DONE and SIGNED in Chambers at West Palm Beach, Florida, this 2nd day of May, 1990.